IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S PROPOSED |
| v. | ) | JURY INSTRUCTIONS |
| | ) | |
| DAVID A. PASSARO | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court include the attached proposed instructions in its charge to the jury and requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

## INSTRUCTION

I. **GENERAL PRELIMINARY INSTRUCTIONS AT THE BEGINNING OF TRIAL**:

    1.   Court's Comments on Evidence.

    2.   Court's Questions to Witnesses.

    3.   Court's Comments to Counsel.

    4.   Objections and Rulings.

II. **INSTRUCTIONS AFTER THE PRESENTATION OF ALL EVIDENCE:**

    A.   **BEGINNING OF FINAL INSTRUCTIONS:**

    5.   Beginning of Charge -- Province of the Court.

    6.   Province of the Jury.

    7.   Consider Only Offense Charged.

**B.  CONSIDERATION OF EVIDENCE BY THE JURY:**

8.   Burden of Proof - Reasonable Doubt

9.   Evidence in the Case - Stipulations - Judicial Notice  - Inference Permitted

10.  Statements and Questions Are Not Evidence

11.  Judging the Evidence

12.  Direct Evidence - Circumstantial Evidence - Inferences from Evidence

13.  Jury's Recollection Controls

14.  All Available Evidence Need Not Be Produced

15.  Interest in Outcome

16.  Opinion Evidence - Expert Witness

17.  Credibility of Witnesses – Discrepancies in Testimony - Number of Witnesses Not Necessarily Controlling

18.  Credibility Of Witnesses--Inconsistent Statement

19.  Effect Of The Defendant's Failure To Testify

20.  Proof May be Disjunctive

21.  Proof of Knowledge or Intent

22.  Consider Each Count Separately

23.  On or About - Explained

**III. A.   THE OFFENSES CHARGED, DEFINITIONS & RELATED INSTRUCTIONS**

**COUNTS ONE AND THREE**

24.  Nature of the Offense Charged
     18 U.S.C. § 113(a)(3) (Count One and Count Three)

25.  The Statute Defining the Offense Charged -
     Assault with Intent to do Bodily Harm

26.  The Essential Elements of the Offense Charged

27. "Within the Special Maritime and Territorial Jurisdiction of the United States" - Defined

28. "A Dangerous Weapon" - Defined

29. "Bodily Harm" - Defined

### COUNTS TWO AND FOUR

30. Nature of the Offense Charged
18 U.S.C. § 113(a)(6) (Count Two and Count Four)

31. The Statute Defining the Offense Charged - Assault Resulting in Serious Bodily Injury

32. The Essential Elements of the Offense Charged

33. "Serious Bodily Injury" - Defined


## IV. THE DELIBERATIONS AND THE VERDICT:

34. Verdict - Election Of Foreperson - Duty To Deliberate - Unanimity - Punishment - Form Of Verdict - Communication With Court


Respectfully submitted, this _____ day of August, 2006.

> GEORGE E. B. HOLDING
> Acting United States Attorney
>
>
> ____//ss//_____
> BY: JAMES A. CANDELMO
> Assistant United States Attorney
> Criminal Division

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 1</u>

<u>Court's Comments on Evidence</u>

The law of the United States permits the judge to comment to the jury on the evidence in the case. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

(1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 10.10 (portion thereof) (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 2</u>

<u>Court's Questions to Witnesses</u>

During the course of the trial, I occasionally ask questions of a witness, in order to bring out facts not then fully covered by the testimony.  Do not assume that I hold any opinion on the matters to which my questions may have related.  Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

(1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, 271, 10.11 (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 3</u>

<u>Court's Comments to Counsel</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his cause, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, 272, 10.12 (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 4</u>

<u>Objections and Rulings</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer the question.

(1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, 272-73, 10.13 (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 5</u>

<u>Beginning of Charge -- Province of the Court</u>

Members of the Jury:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you of course are to be governed by the instructions.

You are not to single out the instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the

facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

(1 Devitt & Blackmar, Federal Jury Practice and Instructions 287-88, § 11.01 (3d ed. 1977).)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

Province of the Jury

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the superseding indictment and the denial made by the "not guilty" plea of the accused.  You are to perform this duty without bias or prejudice as to any party.  The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the accused and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

(1 Devitt & Blackmar, Federal Jury Practice and Instructions 293, § 11.03 (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7</u>

<u>Consider Only Offense Charged</u>

The defendant is not on trial for any act or conduct not alleged in the Indictment.

(1 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u> 294, § 11.04 (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 8</u>

<u>Burden of Proof - Reasonable Doubt</u>

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of a defendant's guilt after careful and impartial consideration of all the evidence in the case. It is not required that the Government prove guilt beyond all the evidence in the case. The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit.

(Devitt and Blackmar, <u>Federal Jury Practice and Instruction</u>, Section 11.14 amended to conform with present state of law that no specific definition of reasonable doubt be given; <u>United States v. Love</u>, 767 F.2d 1052, 1060 (4th Cir. 1985); <u>United States v. Pavin, Inc.</u>, 760 F.2d 527, 533 (4th Cir. 1985); <u>United States v. Moss</u>, 756 F.2d 1273, 1276 (4th Cir. 1983); <u>See also Holland v. United States</u>, 348 U.S. 121, 140 (1954).)

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 9</u>

Evidence in the Case - Stipulations -
<u>Judicial Notice - Inferences Permitted</u>

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree as to the existence of a fact, however, you must, unless otherwise instructed, accept the stipulation as evidence, and regard the facts as proved.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

(1 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 11.11 (3d ed. 1977) (modified).)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

Statements and Questions Are Not Evidence


If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of that fact.  The lawyers' statements are not evidence.

(1  Devitt & Blackmar, Federal Jury Practice and Instructions 309, § 11.13 (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11</u>

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.02 (5th ed. 2000))

Direct Evidence – Circumstantial
Evidence – Inferences from Evidence

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may take deductions and reach conclusions which reasons and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct of circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances which tend to show whether a defendant is guilty or not guilty. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of a defendant's guilt beyond a reasonable doubt before he can be convicted.

(1 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, §§ 15.02 and 15.03 (3d ed. 1977) (modified); Fifth Circuit Pattern Jury Instructions (Basic) No. 5.)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13</u>

<u>Jury's Recollection Controls</u>

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control your deliberations.

(1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 15.05 (3d ed. 1977).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14</u>

<u>All Available Evidence Need Not Be Produced</u>

The law does not require the United States to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the United States to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the Government's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from his failure to do so.

(1 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u> 564, § 17.18 (3d ed. 1977) [All Available Evidence Need Not be Produced].)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

### Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

(United States v. Bufalino, 683 F.2d 639 (2d Cir. 1982), cert. denied, 459 U.S. 1104, 103 S. Ct. 727, 74 L.Ed. 2d 952 (1983); United States v. Frank, 494 F.2d 146 (2d Cir. 1974); United States v. Ivaccvetti, 466 F.2d 1147 (5th Cir. 1972); United States v. Lea, 618 F.2d 426 (7th Cir.);United States v. Klein, 701 F.2d 66 (8th Cir. 1983); United States v. Partin, 601 F.2d 1000 (9th Cir. 1979)).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16</u>

<u>Opinion Evidence -- Expert Witness</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses."  Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

(1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, Section 15.22 (3d ed. 1977).)

Credibility of Witnesses - Discrepancies in Testimony
Number of Witnesses Not Necessarily Controlling

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the

discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

(1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§ 17.01 and 17.20 (3d ed. 1977) (modified); Fifth Circuit Pattern Jury Instructions (Basic) No. 6.)

## Credibility Of Witnesses--Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

[If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves].

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 15.06 (5th ed. 2000))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19</u>

<u>Effect Of The Defendant's Failure To Testify</u>


The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 15.14 (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

Proof May Be Disjunctive

The Court instructs the jury that although the Indictment may charge a defendant with committing an offense in several ways, using conjunctive language (such as the word "and"), it is sufficient if the Government proves the offense in the disjunctive, that is to say, the jury may convict on a finding of any of the elements of a disjunctively defined offense.

(United States v. McGinnis, 783 F.2d 755, 757 (8th Cir. 1986); United States v. Webb, 747 F.2d 278, 282 (5th Cir. 1985).)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21</u>

<u>Proof Of Knowledge Or Intent</u>

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 17.07 (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

Consider Each Count Separately

A separate crime is charged in each count of the Indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against the defendant.

You must give separate and individual consideration to each charge against the defendant.

(Adopted from 1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.13 (5th ed. 2000))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23</u>

<u>"On Or About"--Explained</u>

The Indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 13.05 (5th ed. 2000))

Nature of the Offenses Charged

18 U.S.C § 113(a)(3)

**COUNT ONE**

The Indictment charges that on or about June 19, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army Base near the town of Asadabad, Kunar Province, Afghanistan, and outside the jurisdiction of any particular state or district, with the defendant's last known address being in Lillington, North Carolina, in the Eastern District of North Carolina, as provided by Title 18, United States Code, Section 3238, the defendant DAVID A. PASSARO, being a national of the United States, did willfully, knowingly and intentionally assault Abdul Wali with a dangerous weapon, namely, a flashlight, with intent to do bodily harm to Abdul Wali, all in violation of Title 18, Unites States Code, section 113(a)(3)

## <u>COUNT THREE</u>

The Indictment charges that on or about June 20, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army Base near the town of Asadabad, Kunar Province, Afghanistan, and outside the jurisdiction of any particular state or district, with the defendant's last known address being in Lillington, North Carolina, in the Eastern District of North Carolina, as provided by Title 18, United States Code, Section 3238, the defendant DAVID A. PASSARO, being a national of the United States, did willfully, knowingly and intentionally assault Abdul Wali with a dangerous weapon, namely, a flashlight, with intent to do bodily harm to Abdul Wali, all in violation of Title 18, Unites States Code, section 113(a)(3)

## The Statute Defining the Offense Charged

## Assault with a Dangerous Weapon with Intent to do Bodily Harm

## Counts One and Three

**Title 18, United States Code, Section 113(a)(3)** provides in part that:

> Whoever, within the special maritime and territorial jurisdiction of the United States, [commits] ... assault with a dangerous weapon with intent to do bodily harm and without just cause or excuse, ...

> shall be guilty of an offense against the United States.

(2 Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 25.05 (5th ed. 2000)

## The Essential Elements of the Offense Charged

### Counts One and Three

In order to sustain its burden of proof for the crime of assault with a dangerous weapon with intent to do great bodily harm as charged in Counts One and Three of the Indictment, the Government must prove the following four (4) essential elements beyond a reasonable doubt.

<u>First</u>:   That on or about June 19, 2003, and June 20, 2003, the Defendant DAVID A. PASSARO did willfully, knowingly and intentionally strike and injure Abdul Wali;

<u>Second</u>:   That the defendant used a dangerous weapon, that is, a flashlight, as charged in Counts One and Three of the Indictment;

<u>Third</u>:   That the defendant acted with the intent to do bodily harm to Abdul Wali; and

<u>Fourth</u>:   Did so within the special maritime and territorial jurisdiction of the United States, namely, at a United States Army Base near the town of Asadabad in Kunar Province, Afghanistan.

(2 Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 25.06 (5th ed. 2000))

## Within the Special Maritime and Territorial Jurisdiction of the United States" - Defined 18 U.S.C. § 7(9)(A)

As used in this Indictment and within these instructions, the term "maritime and territorial jurisdiction of the United States" means, ...with respect to offenses committed by. . . *a national of the United States*. . .

> (A)  the premises of United States diplomatic, consular, military or other United States Government missions or entities in foreign States, including the buildings, parts of buildings, and land appurtenant or ancillary thereto or used for purposes of those missions or entities, irrespective of ownership*;. . .*

The term "a *national of the United States*" is defined in Title 8 U.S.C. § 1101(22) and means "a citizen of the United States" . . ..

(Title 18 U.S.C. § 7(9)(A) and Title 8 U.S.C. § 1101(22))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 28

"Bodily Harm" - Defined


The term 'bodily harm' means a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.

(Adopted from the definition for "bodily injury" as contained in 2 Kevin F. O'Malley et al., Federal Jury Practice and Instructions, Criminal, § 25.09 (5th ed. 2006); See 18 U.S.C. § 113.)

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 29</u>

<u>"A Dangerous Weapon" - Defined</u>

As used in the Indictment and within these instructions, the term "with a dangerous weapon"[1] means any object, instrumentality, or part of his body used in a manner by the defendant that has the potential to inflict serious bodily harm.

(2 Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 25.12 (5th ed. 2000))

---

[1] A "weapon" is a dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury. (Model Crim. Jury Inst. 9th Cir. 8.5 (2003))

## Nature of the Offenses Charged
## 18 U.S.C § 113(a)(6)

### **COUNT TWO**

The Indictment charges that on or about June 19, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army Base near the town of Asadabad, Kunar Province, Afghanistan, and outside the jurisdiction of any particular state or district, with the defendant's last known address being in Lillington, North Carolina, in the Eastern District of North Carolina, as provided by Title 18, United States Code, Section 3238, the defendant DAVID A. PASSARO, being a national of the United States, did knowingly and intentionally assault Abdul Wali, and such assault resulted in serious bodily injury to Abdul Wali, all in violation of Title 18, Unites States Code, Section 113(a)(6).

## COUNT FOUR

The Indictment charges that on or about June 20, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army Base near the town of Asadabad, Kunar Province, Afghanistan, and outside the jurisdiction of any particular state or district, with the defendant's last known address being in Lillington, North Carolina, in the Eastern District of North Carolina, as provided by Title 18, United States Code, Section 3238, the defendant DAVID A. PASSARO, being a national of the United States, did knowingly and intentionally assault Abdul Wali, and such assault resulted in serious bodily injury to Abdul Wali, all in violation of Title 18, Unites States Code, Section 113(a)(6).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 31</u>

<u>The Statute Defining the Offense Charged</u>

<u>Assault Resulting in Serious Bodily Injury</u>

<u>Counts Two and Four</u>

**Title 18, United States Code, Section 113(a)(6)** provides in part that:

> Whoever, within the special maritime and territorial jurisdiction of the United States, [commits] . . . assault resulting in serious bodily injury. . ..

shall be guilty of an offense against the United States.

(Title 18 U.S.C. Section 113(a)(6))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32

The Essential Elements of the Offense Charged

Counts Two and Four


In order to sustain its burden of proof for the crime of assault resulting in serious bodily injury as charged in Counts Two and Four of the Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:


One:      Defendant DAVID PASSARO intentionally struck victim Abdul Wali;

Two:      Within the special maritime and territorial jurisdiction of the United States; and

Three:    As a result of this assault, victim Abdul Wali suffered serious bodily injury.


(2 Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 25.09 (5th ed. 2000))

Serious Bodily Injury - Defined

The term **"serious bodily injury"** means bodily injury which involves:

    (A)  a substantial risk of death;

    (B)  extreme physical pain;

    (C)  protracted and obvious disfigurement; or

    (D)  protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

(Title 18 U.S.C. § 1365(h)(3)(A-D)).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 34

Verdict - Election Of Foreperson - Duty To Deliberate -
Unanimity - Punishment - Form Of Verdict -
Communication With Court

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges--judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of

this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A form of verdict has been prepared for your convenience.

[The form of verdict should be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in

writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person-- not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 20.01 (5th ed. 2000))

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this ___3rd___ day of August, 2006,, served a copy of the foregoing Government's Proposed Jury Instructions upon the defendants in this action by hand delivery as follows:

        Joseph Gilbert
        Assistant Federal Public Defender
        Raleigh, North Carolina

                  //ss//
      By: _____
             JAMES A. CANDELMO
             Assistant United States Attorney
             Criminal Division