UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:04-CR-211-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID A. PASSARO | DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS |

The Defendant, David A. Passaro, by and through his undersigned counsel, hereby respectfully requests that this Honorable Court instruct the jury on the following matters. In addition, the defendant requests leave to offer such additional instructions as may become appropriate during the course of the trial.

## CONTENTS (Proposed Instructions)

1. Introduction to the Final Charge - Province of the Court and of the Jury

2. The Government as a Party

3. Presumption of Innocence, Burden of Proof, and Reasonable Doubt

4. Consider Only the Offense Charged

5. Judging the Evidence

6. Indictment Is Not Evidence

7. Bias and Hostility

8. Direct Evidence/Circumstantial Evidence

9. Defendant's Interest if Defendant Testifies

1

10.     Defendant's Decision Not to Testify

11.     Law Enforcement Witness

12.     Impeachment By Prior Inconsistent Statement

13.     Impeachment By Reputation Testimony

14.     Expert Witness

15.     The Defense

16.     Consider Each Count Separately

17.     Count One

18.     Count Two

19.     Count Three

20.     Count Four

21.     "Willfully" - Defined

22.     "Specific Intent" - Defined

23.     "Dangerous Weapon" - Defined

24.     "Intentionally" - Defined

25.     "Serious Bodily Injury" - Defined

26.     "Bodily Injury" - Defined

27.     "Special Maritime Jurisdiction" - Defined

28.     Only Excessive Force Constitutes Criminal Assault

29.     Necessity Defense

30.     Self Defense/Defense of Others

31.     Public Authority

Case 5:04-cr-00211-BO    Document 240    Filed 08/03/06    Page 2 of 52

32. Entrapment by Estoppel

33. Stipulations

34. Absence of Witness

35. Verdict - Election of Foreperson - Duty to Deliberate - Unanimity Communication with the Court

Respectfully requested this 3rd day of August, 2006.

THOMAS P. McNAMARA
Federal Public Defender

_____ /s/ Joseph B. Gilbert
JOSEPH B. GILBERT
Assistant Federal Public Defender
150 Fayetteville Street Mall Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Joseph_Gilbert@fd.org
N.C. State Bar No. 21395
LR 57.1 Counsel
Appointed

CERTIFICATE OF SERVICE

The undersigned certifies that service was made upon:

JAMES CANDELMO
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on August 3rd, 2006, using the CM/ECM. system which will send notification of such filing to the above.

Respectfully submitted this 3rd day of August, 2006.

3

THOMAS P. McNAMARA
Federal Public Defender


/s/ Joseph B. Gilbert
JOSEPH B. GILBERT
Assistant Federal Public Defender
150 Fayetteville Street Mall, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Joseph_Gilbert@fd.org
N.C. State Bar No. 21395
LR 57.1 Counsel
Appointed

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1</u>
<u>INTRODUCTION TO THE FINAL CHARGE - PROVINCE OF THE COURT AND OF</u>
<u>THE JURY</u>

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case and which will guide you in your decisions.

All of the instructions of law given to you by the Court-those given to you during the trial, and these final instructions-must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of the law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as

5

the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In deciding the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (5th Edition, 2000) Section 12.01.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2
## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Authority: 1 L. Sand, et al., Modern Federal Jury Instructions (2002) Section 2-5 (modified).

7

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3</u>
<u>PRESUMPTION OF INNOCENCE/BURDEN OF PROOF/REASONABLE DOUBT</u>

I instruct you that you must presume David A. Passaro to be innocent of the crime charged. Thus, the defendant, although accused of a crime in the indictment, begins the trial with a "clean slate" with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Passaro is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone is therefore sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

The standard of proof required is beyond a reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense-the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that David A. Passaro has committed each and every element of the offenses charged in the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury must, of course, adopt the conclusion of

8

innocence.

       Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (5th Edition, 2000) Section 12.10 (modified).

Case 5:04-cr-00211-BO    Document 240    Filed 08/03/06    Page 9 of 52

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4
## CONSIDER ONLY THE OFFENSE CHARGED

The defendant is not on trial for any act or any conduct not specifically charged in the indictment. You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (5th Edition, 2000) Section 12.09 (modified).

10

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5
## JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received and to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always assumed by the government.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (5th Edition, 2000) Section 12.02.

11

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6</u>
<u>INDICTMENT IS NOT EVIDENCE</u>

An indictment is but a formal method of accusing a defendant of a crime.  It is not evidence

of any kind against the defendant.

The defendant, David A. Passaro, has pleaded "not guilty" to the indictment and, therefore,

denies that he is guilty of the charges.

Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (5th Edition,
2000) Section 13.04 (modified).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7</u>
<u>BIAS AND HOSTILITY</u>

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Authority: Modern Federal Jury Instructions-Criminal (2002), Matthew Bender & Company, Form Instruction 7-2.

13

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
## DIRECT EVIDENCE/CIRCUMSTANTIAL EVIDENCE

There are two types of evidence you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him or his own knowledge by virtue of his own sense - what he sees, feels, touches or hears - that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that

14

before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable

doubt from all of the evidence in the case.

      Authority:  Sand and Siffert, et al., <u>Modern Federal Jury Instructions</u>, (1986), Section 5.01, Instruction 5-2.

15

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9
## DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant, David A. Passaro, decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

Authority: Modern Federal Jury Instructions-Criminal (2002), Matthew Bender & Company, Form Instruction 7-4 (modified).

16

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
## NO INFERENCE OF GUILT FROM DEFENDANT'S DECISION NOT TO TESTIFY

David A. Passaro has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Authority: First Circuit Pattern Jury Instructions (Criminal Cases)(2003), Instruction 3.03.

17

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11</u>
<u>LAW ENFORCEMENT WITNESS</u>

You have heard the testimony of a law enforcement official.  The fact that a witness may be employed by the state or federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Authority: Modern Federal Jury Instructions-Criminal (2002), Matthew Bender & Company, Form Instruction 7-16.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12</u>
<u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT</u>

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and, if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Authority: Modern Federal Jury Instructions-Criminal (2002), Matthew Bender & Company, Form Instruction 7-19 (modified).

19

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13
## IMPEACHMENT BY REPUTATION TESTIMONY

You have heard evidence that one of the witnesses who testified has the reputation of being an untruthful person. Since you are the sole judges of the facts and the credibility of witnesses, you may consider this evidence in deciding whether or not to believe the witness whose reputation for truthfulness has been questioned, giving such reputation evidence whatever weight you deem appropriate.

Authority: Modern Federal Jury Instructions-Criminal (2002), Matthew Bender & Company, Form Instruction 5-17 (modified).

20

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14</u>
<u>EXPERT WITNESS</u>

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Authority: Modern Federal Jury Instructions-Criminal (2002), Matthew Bender & Company, Form Instruction 7-21.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
## THE DEFENSE

David A. Passaro has pleaded "not guilty" to the charges contained in the indictment. This plea puts in issue each of the essential elements of the offenses as described in these instructions, and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt.  Mr. Passaro bears no burden of proof.  He does not have to present any evidence or call any witnesses.

Authority:  Devitt and Blackmar, Federal Jury Practice and Instructions, 3rd. Ed., 1977 Section 13.07 (modified).

Case 5:04-cr-00211-BO    Document 240    Filed 08/03/06    Page 22 of 52

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16
## CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the indictment. The indictment against Mr. Passaro has four counts. Each count, and the evidence pertaining to crime charge in it, should be considered separately by the jury. The fact that you may find the defendant guilty as to one of the counts should not control your verdict as to the other count.

Authority:    1A Fed. Jury. Prac. & Instr. § 12.12 (5th ed.) (modified).

23

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

THE ESSENTIAL ELEMENTS OF COUNT ONE

Count One of the indictment charges that on or about June 19, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army firebase near the town of Asadabad, in Kunar Province, Afghanistan, the defendant, David A. Passaro, being a national of the United States, did willfully, knowingly and intentionally assault Abdul Wali with a dangerous weapon, namely, a flashlight, with intent to do bodily harm to Abdul Wali; all in violation of Title 18, United States Code, Section 113(a)(3).

Section 113(a)(3) provides, in part, that: Whoever, within the special maritime and territorial jurisdiction of the United States, [commits an] . . . assault with a dangerous weapon with intent to do bodily harm and without just cause or excuse, . . . shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of assault with a dangerous weapon with intent to do bodily harm and without cause or excuse as charged in Count One of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One:    David Passaro willfully injured Abdul Wali on June 19, 2003, with a flashlight;

Two:    The flashlight charged in Count One of the indictment was a dangerous weapon;

24

Three:  David Passaro acted with the specific intent to do bodily harm to Abdul Wali; and

Four:  David Passaro willfully injured Abdul Wali within the special maritime and territorial jurisdiction of the United States.

Authority: 2 Fed. Jury Prac. & Instr. §§ 25.05, 25.06 (5th ed.) (modified).

LESSER INCLUDED OFFENSE OF ASSAULT BY STRIKING OR BEATING

If you find the above elements beyond a reasonable doubt, but find that element two has not been proven beyond a reasonable doubt, then you may find Mr.  Passaro guilty of the lesser included offense of assault by striking or beating.  In other words, if you find that Mr.  Passaro wilfully injured Abdul Wali with a flashlight, with the specific intent to do bodily harm, within the special maritime jurisdiction of the United States, but that his use of flashlight did not render it a dangerous weapon, then you may find him guilty of assault by striking or beating.

Authority: *United States v.  Agofsky*, 411 F.2d 1013 (4th Cir.  1969)(lesser included offense instruction proper where charged greater offense requires jury to find a disputed factual element not required for conviction of the lesser included offense) *citing Sansone v.  United States*, 380 U.S. 343 (1965).

Count Two of the indictment charges that on or about June 19, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army firebase near the town of Asadabad, in Kunar Province, Afghanistan, David A. Passaro, being a national of the United States, did knowingly, and intentionally assault Abdul Wali, and such assault result in serious bodily injury to Abdul Wali, all in violation of Title 18, United States Code, Section 113(a)(6).

Section 113(a)(6) provides, in part, that: Whoever within the special maritime and territorial jurisdiction of the United States [commits an] . . . assault resulting in serious bodily injury . . . shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of assault resulting in serious bodily injury as charged in Count Two of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:   David A. Passaro intentionally struck Abdul Wali;

Two:   David A. Passaro intentionally struck Abdul Wali within the special maritime and territorial jurisdiction of the United States, and

Three: That striking Abdul Wali caused him to suffer serious bodily injury.


Authority:     2 Fed. Jury Prac. & Instr. §§ 25.08, 25.09 (5th ed.) (modified); *United States v. Red Bird*, 450 F.3d 789 (8th Cir. 2006).

LESSER INCLUDED OFFENSE OF ASSAULT BY STRIKING OR BEATING

If you find the above elements beyond a reasonable doubt, but find that Abdul Wali

26

suffered bodily injury, as opposed to serious bodily injury, then you may find Mr. Passaro guilty of the lesser included offense of assault by striking or beating. In other words, if you find that Mr. Passaro intentionally struck within the special maritime jurisdiction of the United States, and that the striking caused Mr. Wali to suffer bodily injury, and not serious bodily injury, then you may find Mr. Passaro guilty of assault by striking or beating.

Authority: *United States v. Agofsky*, 411 F.2d 1013 (4th Cir. 1969)(lesser included offense instruction proper where charged greater offense requires jury to find a disputed factual element not required for conviction of the lesser included offense) *citing Sansone v. United States*, 380 U.S. 343 (1965).

Count Three of the indictment charges that on or about June 20, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army firebase near the town of Asadabad, in Kunar Province, Afghanistan, the defendant, David A. Passaro, being a national of the United States, did willfully, knowingly and intentionally assault Abdul Wali with a dangerous weapon, namely, a flashlight, with intent to do bodily harm to Abdul Wali; all in violation of Title 18, United States Code, Section 113(a)(3).

Section 113(a)(3) provides, in part, that: Whoever, within the special maritime and territorial jurisdiction of the United States, [commits an] . . . assault with a dangerous weapon with intent to do bodily harm and without just cause or excuse, . . . shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of assault with a dangerous weapon with intent to do bodily harm and without cause or excuse as charged in Count One of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One:   David Passaro willfully struck Abdul Wali on June 20, 2003, with a flashlight;

Two:   The flashlight charged in Count One of the indictment was a dangerous weapon;

Three:  David Passaro acted with the specific intent to do bodily harm to Abdul Wali; and

Four:   David Passaro willfully struck Abdul Wali within the special maritime and territorial jurisdiction of the United States.

Authority: 2 Fed. Jury Prac. & Instr. §§ 25.05, 25.06 (5th ed.) (modified).

LESSER INCLUDED OFFENSE OF ASSAULT BY STRIKING OR BEATING

If you find the above elements beyond a reasonable doubt, but find that element two has not been proven beyond a reasonable doubt, then you may find Mr. Passaro guilty of the lesser included offense of assault by striking or beating. In other words, if you find that Mr. Passaro wilfully injured Abdul Wali with a flashlight, with the specific intent to do bodily harm, within the special maritime jurisdiction of the United States, but that his use of flashlight did not render it a dangerous weapon, then you may find him guilty of assault by striking or beating.

Authority: *United States v. Agofsky*, 411 F.2d 1013 (4th Cir. 1969)(lesser included offense instruction proper where charged greater offense requires jury to find a disputed factual element not required for conviction of the lesser included offense) *citing Sansone v. United States*, 380 U.S. 343 (1965).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20
THE ESSENTIAL ELEMENTS OF COUNT FOUR


Count Four of the indictment charges that on or June 20, 2003, at a place in the special maritime and territorial jurisdiction of the United States, as provided by Title 18, United States Code, Section 7(9)(A), namely, at a United States Army firebase near the town of Asadabad, in Kunar Province, Afghanistan, David A. Passaro, being a national of the United States, did knowingly, and intentionally assault Abdul Wali, and such assault result in serious bodily injury to Abdul Wali, all in violation of Title 18, United States Code, Section 113(a)(6).

Section 113(a)(6) provides, in part, that: Whoever within the special maritime and territorial jurisdiction of the United States [commits an] . . . assault resulting in serious bodily injury . . . shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of assault resulting in serious bodily injury as charged in Count Four of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:    David A. Passaro intentionally struck Abdul Wali on June 20, 2003;

Two:    David A. Passaro intentionally struck Abdul Wali within the special maritime and territorial jurisdiction of the United States, and

Three: That striking  Abdul Wali caused him to suffer serious bodily injury.

Authority:    2 Fed. Jury Prac. & Instr. §§ 25.08, 25.09 (5th ed.) (modified); *United States v. Red Bird*, 450 F.3d 789 (8th Cir.  2006).

30

LESSER INCLUDED OFFENSE OF ASSAULT BY STRIKING OR BEATING

If you find the above elements beyond a reasonable doubt, but find that Abdul Wali suffered bodily injury, as opposed to serious bodily injury, then you may find Mr. Passaro guilty of the lesser included offense of assault by striking or beating. In other words, if you find that Mr. Passaro intentionally struck within the special maritime jurisdiction of the United States, and that the striking caused Mr. Wali to suffer bodily injury, and not serious bodily injury, then you may find Mr. Passaro guilty of assault by striking or beating.

Authority: *United States v. Agofsky*, 411 F.2d 1013 (4th Cir. 1969)(lesser included offense instruction proper where charged greater offense requires jury to find a disputed factual element not required for conviction of the lesser included offense) *citing Sansone v. United States*, 380 U.S. 343 (1965).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21</u>

<u>"WILLFULLY" - DEFINED</u>

Counts One and Three both charge that Mr. Passaro "willfully assaulted" Abdul Wahli, on June 19 and 20, 2003, respectively.

The term "willfully," as used in these instructions to describe the alleged state of mind of Mr. Passaro, means that he deliberately and intentionally assaulted Abdul Wahli, as contrasted with accidently, carelessly, or unintentionally.

Authority: 1A Fed. Jury Prac. & Instr. § 17.05 (5th ed.) (modified).

DEFINITION OF "SPECIFIC INTENT"

Counts One and Three both charge that Mr. Passaro assaulted Abdul Wahli "with intent to do bodily harm." In order for Mr. Passaro to have acted with the specific intent to do bodily harm, he must have expressly intended his actions to cause that bodily harm. It is not sufficient to show that Mr. Passaro realized the alleged assault would likely result in bodily harm. Rather, that harm must have been Mr. Passaro's precise objective in committing the alleged assault. Therefore, if Mr. Passaro struck Abdul Wahli in order to achieve another objective, and not with te express intent only to cause bodily harm, then he did not act with the specific intent required to commit the offenses alleged in Counts 1 and 3.

Authority:    *United States v. Carter,* 530 U.S. 255, 269 (2000); *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994); *Vacco v. Quill*, 521 U.S. 793, 802-803 (1997) Black's Law Dictionary at 814 (7th ed. 1999); *United States v. Veach*, ___ F.3d ___, 2006 WL 2129350 (6th Cir. 2006); *United States v. Two Eagle*, 318 F.3d 785 (8th Cir. 2003).

33

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23

DEFINITION OF "DANGEROUS WEAPON"

Counts One and Three both allege that Mr. Passaro assaulted Abdul Wahli "with a dangerous weapon, namely, a flashlight." As used in these instructions, an object that has the capacity, given its manner of use, to endanger life or inflict serious bodily harm, can, in certain circumstances, be a dangerous weapon.

Authority:     *United States v. Sturgis*, 48 F.3d 784, 787 (4th Cir. 1995); *United States v. Johnson*, 324 F.2d 264, 266 (4th Cir. 1963); 2 Fed. Jury Prac. & Instr. § 25.12 (5th ed.) (modified).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24</u>

<u>DEFINITION OF "INTENTIONALLY"</u>


Counts Two and Four both charge that Mr. Passaro "intentionally" assaulted Abdul Wahli, when he allegedly struck Abdul Wahli. Before you can find Mr. Passaro acted intentionally, you must be satisfied beyond a reasonable doubt that Mr. Passaro acted deliberately and purposefully. That is, the criminal act alleged must have been the product of Mr. Passaro's conscious objective rather than the product of a mistake or accident.

Authority: 1-3A Modern Fed. Jury Instr.-Criminal P. 3A.01 (modified).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25

## DEFINITION OF SERIOUS BODILY INJURY

Counts Two and Four alleged that the charged assault "resulted in serious bodily injury to Abdul Wahli." As used in these instructions, the term "serious bodily injury" means bodily injury which involves (1) a substantial risk of death; (2) extreme physical pain; (3) protracted and obvious disfigurement; or (4) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.


Authority:      18 U.S.C. §§ 113(b)(2); 1365(h)(3).

36

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26

DEFINITION OF BODILY INJURY

As used in these instructions, the term "bodily injury" means (1) a cut, abrasion, bruise, burn, or

disfigurement; (2) physical pain; (3) illness; (4) impairment of the function of a bodily member,

organ, or mental faculty; or (5) any other injury to the body, no matter how temporary.


Authority:       18 U.S.C. §§ 113(b)(2); 1365(h)(4).

37

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  27</u>

<u>DEFINITION OF SPECIAL MARITIME AND TERRITORIAL JURISDICTION</u>

Counts One through Four charge that the alleged assaults on June 19 and 20, 2003,

occurred within "the special maritime and territorial jurisdiction of the United States . . ., namely,

at a United States Army firebase near the town of Asadabad, in Kunar Province Afghanistan."

As used in these instructions, the term "special maritime and territorial jurisdiction means "the

premises of [a] United States diplomatic, consular, military or other United States Government

missions or entities in foreign States, including the buildings, parts of buildings, and land

appurtenant or ancillary thereto or used for purposes of those missions or entities, irrespective of

ownership."

Authority:      18 U.S.C. §§ 7(9)(A); 113(a).

ONLY EXCESSIVE USE OF FORCE CONSTITUTES A CRIMINAL ASSAULT

_____ This instruction applies to Counts One through Four.

You have heard evidence that Mr. Passaro conducted a custodial interrogation of Abdul Wahli in June of 2003, in a Presidentially-declared combat zone of Afghanistan, and conducted this interrogation as part of his duties as an employee of the Central Intelligence Agency ("CIA").

The use of a reasonable amount of force in the performance of a necessary, authorized, or legal duty does not constitute a criminal assault. An official responsible for maintaining a person in custody may lawfully use as much force as may be necessary to take that person into custody, to maintain custody of that person, to prevent escape, and to ensure the safety and security of the official and of others. The official may use as much force as a reasonable person would use under the circumstances. The official has a right to act based on the facts as they appear to the official, to include the official's knowledge and belief about the potential danger posed by the person in custody.

On this issue, just as on the essential elements of each Count, the burden is on the government to prove David A. Passaro's guilt beyond a reasonable doubt. For you to find David A. Passaro guilty of any of the four Counts, you must not only find that the government has proven each and every essential element. You must also conclude that the government has proven, beyond a reasonable doubt, that Mr. Passaro used more force than was reasonably necessary to maintain Abdul Wali in custody, to prevent his escape, to protect Mr. Passaro's own

safety and security, and to ensure the safety and security of others in and around the Asadabad firebase, in light of all the circumstances.

To determine whether Mr. Passaro's use of force was excessive, you must consider the following factors: (1) the circumstances which led the United States forces to take Abdul Wahli into custody; (2) the information Mr. Passaro possessed about Abdul Wahli, to include information linking Wahli to terrorist groups and to recent and frequent ambushes, weapons caches, and rocket attacks on the Asadabad firebase and the local villagers; (3) information Mr. Passaro possessed about Abdul Wali's behavior while Wali was in custody at the Asadabad firebase; (4) whether Mr. Passaro conducted the custodial interrogation of Abdul Wali as part of Mr. Passaro's duties as a CIA employee; and (5) the rules and standard of conduct that applied to custodial interrogations conducted by the CIA in Afghanistan in June of 2003.

Authority: *Barrett v. United States*, 64 F.2d 148 (D.C. App. Ct. 1933); *Pennsylvania v. Johnson*, 297 F. Supp. 877 (E.D. Pa. 1969); 6A C.J.S. Assault §§ 34, 117, 118 (updated May 2006).

<u>NECESSITY</u>

This instruction applies to Counts One through Four. Evidence has been presented that David A. Passaro acted out of necessity.

Mr. Passaro cannot be found guilty if he violated 18 U.S.C. 113(a)(3) or (a)(6) out of necessity. A person acts out of necessity if he acted because he:

(1) reasonably believed an action is necessary;

(2) to prevent an imminent threatened harm;

(3) had a reasonable belief that his actions would directly prevent the threatened harm;

(4) had no other adequate means to prevent the threatened harm, except those means he used.

On this issue, just as on all others, the burden in on the government to prove Mr. Passaro's guilt beyond a reasonable doubt. For you to find Mr. Passaro guilty of any count, therefore, you must be convinced that the government has proven beyond a reasonable doubt each and every element, but also any of the following four things:

<u>One</u>, Mr. Passaro's belief that his actions were necessary to prevent an imminent harm was unreasonable; OR

<u>Two</u>, that there was no imminent harm, or that Mr. Passaro did not act to prevent it; OR

<u>Three</u>, that Mr. Passaro did not reasonably believe that his acts would directly prevent the threatened harm; OR

<u>Four</u>, Adequate means, other than the action taken by Mr. Passaro, existed.

41

"Imminent harm" means an emergency or a crisis involving immediate danger to oneself or to another.

Authority: *United States v. Cassidy*, 616 F.2d 101 (4th Cir. 1979); Pattern Crim. Jury Instr. 1st Cir. § 2.11 (2005).

DEFENDANT'S PROPOSED INSTRUCTION NO. 30
SELF DEFENSE/DEFENSE OF OTHERS

This instruction applies to Counts One through Four. Evidence has been presented that Mr. Passaro acted to defend himself and/or others against an attack by Abdul Wali and against a rocket attack by Wali's suspected terrorist accomplices.

Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. A person must use no more force than appears reasonably necessary in the circumstances.

On this issue, just as on all others, the burden in on the government to prove Mr. Passaro's guilt beyond a reasonable doubt. For you to find Mr. Passaro guilty of any count, therefore, you must be convinced that the government has proven beyond a reasonable doubt each and every element of that count, but also:

(1) Mr. Passaro's belief that force was necessary was unreasonable; or

(2) Mr. Passaro used excessive force, in light of the circumstances.

Authority:     Pattern Crim. Jury Instr. 1st Cir. § 5.04 (1998) (modified).

43

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31
## RELIANCE ON PUBLIC AUTHORITY

The public authority defense is available when a defendant commits an illegal act in reasonable and sincere reliance on as statement or act of a government agent or agents with actual legal authority to empower the commission of that illegal act.

Mr. Passaro has introduced evidence that he relied upon the statements and actions of officials within the Central Intelligence Agency to guide the manner in which he interrogated Abdul Wahli. During this interrogation, the government contends that certain acts allegedly committed by Mr. Passaro constituted a criminal assault.

However, even if you the jury conclude that Mr. Passaro in fact committed acts which constitute a criminal assault, you must still find him not guilty if the government fails to prove beyond a reasonable doubt that at least one of the following:

1. David A. Passaro's reliance on the statements and conducts of officials within the Central Intelligence Agency was unreasonable, in light of the all the circumstances. It is not necessary to find that someone within the Central Intelligence Agency in fact authorized Mr. Passaro to engage in the charged conduct. This first condition would not be met if you conclude Mr. Passaro mistakenly relied upon the statements and conduct of officials within the Central Intelligence Agency, so long that reliance was reasonable.

2. The officials relied upon by David A. Passaro did not have the authority to empower Mr. Passaro to perform the acts in question. The official or officials relied upon had the "authority to empower" the charged conduct if one of the following three conditions is true:

First, the rules of engagement and interrogation polices of the Central Intelligence

Agency permitted the official or officials to authorize Mr. Passaro to conduct the interrogation of

Abdul Wahli in the manner alleged by the government;

Second, the official had the authority to communicate decisions made by others in the

CIA who have authority; or

Third, the official acquired actual authority through an implied authority "to the extent

reasonably necessary to carry out [their] express authority; or through a course of conduct; or in

an emergency to protect the CIA's interest.

3.  That the authority to authorize or to engage in conduct similar to the conduct Mr.

Passaro allegedly committed did not actually exist within the CIA.

Authority:  *United States v. Fulcher*, 250 F.3d 244 (4th Cir. 2001) ("the validity of this defense

depends upon whether the government official in fact had the **authority to empower** the defendant

to perform the acts in question"); *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994) (in the

public authority defense, "a government official makes some statement or performs some act and the

defendant relies on it, **possibly mistakenly**, and commits an offense in so doing"); *United States v.*

*Lopez-Lima*, 738 F. Supp. 1404, 1413 (S.D. Fla. 1990) (within the context of the Central Intelligence

Agency, the government officials relied upon need not possess "authority themselves to sanction [the

charged conduct], the actual authority requirement is met if the officials "**have authority to**

**communicate decisions** made by those in the CIA who have authority"); *United States v. Smith*, 592

F. Supp. 424, 444 (E.D. Va. 1984), *vacated on other grounds*, 780 F.2d 1102 (4th Cir. 1985) (within

the CIA, the inquiry as to the actual authority of the government official relied upon by the defendant

"had authority to communicate decisions made by those who in the CIA hierarchy who have

authority); *United States v. Fulcher*, 188 F. Supp. 2d 627, 635-641 (W.D. Va. 2002), *on remand from*, 250 F.3d 244 (4th Cir. 2001) (concluding that the **government officials may acquire implied actual authority** "empower the defendant to perform the acts in question" **via principles of agency law**, such as: (1) an implied authority "to the extent reasonably necessary to carry [their] express authority; (2) a course of conduct; or (3) an emergency to protect the principal's interest).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.32
## ENTRAPMENT BY ESTOPPEL

_____ This defense, called "entrapment by estoppel,"applies when a government official makes a statement that misleads a person into believing that certain conduct is legal, and the person relies on that statement and engages in that conduct.

_____ David A. Passaro has introduced evidence that officials of the Central Intelligence Agency made statements to him that misled him into believing that it was permissible to use a certain level of direct physical contact during the interrogation of Abdul Wahli.

During Mr. Passaro's interrogation of Abdul Wahli, the government contends that certain acts allegedly committed by Mr. Passaro constituted a criminal assault. However, even if you the jury conclude that Mr. Passaro in fact committed acts which constitute a criminal assault, you must still find him not guilty if the government cannot prove beyond a reasonable doubt that at least one of the following:

First, an official or officials of the Central Intelligence Agency did not made statements to Mr. Passaro;

Second, those statements were not misleading, and did not communicate that it was permissible for Mr. Passaro to use a certain level of direct physical contact to accomplish the purpose of the interrogation of Abdul Wahli;

Third, Mr. Passaro did not actually rely on those statements; or

Fourth, Mr. Passaro's reliance was unreasonable, considering the identity of the Central Intelligence Agency officials making the statements, the substance of their statements, and the point of law represented.

47

Authority: *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160 (10th Cir. 1999) ("the defense of entrapment by estoppel is available where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation"); *United States v. Stewart*, 185 F.3d 112 (3d Cir. 1999); *United States v. Clark*, 986 F.2d 65 (4th Cir. 1993) ("the defense of entrapment by estoppel is available when a government official [mistakenly] tells the defendant that certain activity is legal, the defendant commits the activity in reasonable reliance on that advise, and prosecution for the conduct would be unfair); See also, United States v. Burrows, 36 F.3d F.3d 875, 882 (9th Cir. 1994) (explaining: "The difference between the entrapment by estoppel defense and the public authority defense is not great.  In the first, a government official commits an error and the defendant relies on it . . ..  In the second, a government official makes some statement or performs some act and the defendant relies on it, possibly mistakenly, and commits an offense in so doing.").

48

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33
## STIPULATIONS - GENERALLY

Certain stipulations have been introduced into evidence. In these stipulations, the defendant and the Government have agreed to the truth of the facts contained in such stipulations. I instruct you that these stipulations are to be received by you as evidence, without further proof, and that the facts stated therein are true and correct.

Authority: Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, 4th Edition (1992), Section 12.03.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34</u>
<u>ABSENCE OF WITNESS</u>

If it is peculiarly within the power of the government to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to the government.

Authority: 1A Fed. Jury Prac. & Instr. § 14.15 (5th ed.) (modified); Pattern Crim. Jury Instr. 1st Cir. § 2.11 (1998) (modified).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35
## VERDICT-ELECTION OF FOREPERSON-DUTY TO DELIBERATE-UNANIMITY COMMUNICATION WITH THE COURT

Upon retiring to your jury room to begin deliberation, you will elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you, you are the sole judges of the facts.

A verdict form has been prepared for your convenience.

51

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Authority:  Authority: O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, (5th Edition, 2001) Section 20.01 (modified).